# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

PATRICIA A. GENGLER,

        Plaintiff,

v.                                                                 Case No. 10-CV-950

CAPITAL ONE BANK (USA) NA,

        Defendant.

_____

# ORDER

On October 22, 2010, the *pro se* plaintiff, Patricia A. Gengler ("Gengler"), filed a complaint against the defendant, Capital One Bank (USA) NA ("Capital One"), alleging violations of the Fair Debt Collection Practices Act. (Docket #1). In conjunction with her complaint, the plaintiff also filed a motion for leave to proceed *in forma pauperis.* (Docket #2). However, before the court addresses the plaintiff's motion, an examination of whether this court has jurisdiction to hear the case in the first instance becomes necessary. *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.").

Here, Ms. Gengler alleges that the defendant engaged in unfair debt collection practices during the year 2009. Specifically, the plaintiff claims the defendant, in attempting to collect a debt owed by Gengler to the defendant, "force[d Ms. Gengler]

into arbitration" regarding the debt, culminating in an award on August 21, 2009, by the arbitrator in favor of the defendant. (Compl. at 5). The plaintiff asserts that the arbitrator's decision was in error as: (1) there was no agreement to arbitrate the dispute between the parties; and (2) there were a host of violations of federal law committed by the defendant in attempting to prove that the plaintiff owed the debt in question. *Id.* Ms. Gengler then states that she "requested a judicial review [of the arbitration] with the Waukesha County Circuit Court," but the Waukesha County Circuit Court ruled in favor of the defendant. *Id.* at 6. Ms. Gengler asserts that she "demanded her right to a Rehearing/Vacate [sic] pursuant to state and federal law," but the Waukesha County Circuit Court rejected that request, as well. *Id.* However, the plaintiff claims that the state court did "issue a garnishment order" allowing money to be garnished from Ms. Gengler's spouse. *Id.* Ms. Gengler also alleges that she appealed the decision of the state circuit court to the Wisconsin Court of Appeals, which also rejected the plaintiff's arguments. *Id.* Undeterred, Ms. Gengler asked the Wisconsin Court of Appeals to reconsider its decision, which the appellate court declined to do. *Id.* The plaintiff opted to petition the Wisconsin Supreme Court for review, but that court also rejected Ms. Gengler's claims. *Id.* Running out of options, the plaintiff has decided to try her luck in this court, requesting that this court "review this case and provide just and proper remedy to" Ms. Gengler. *Id.*

However, this court lacks jurisdiction to hear Ms. Gengler's complaint. The *Rooker-Feldman* doctrine provides that a federal district court lacks jurisdiction to

review the final judgment of a state court in judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). Moreover, the doctrine bars federal claims that are "inextricably intertwined" with the underlying state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). When the *Rooker-Feldman* doctrine applies, "the federal courts lack subject matter jurisdiction even if the state court judgment was erroneous or unconstitutional." *Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir. 1999). Here, Ms. Gengler is ultimately asking this court to "review" the decisions of three separate state courts and find, in contrast to the Wisconsin courts' respective decisions, that the defendant violated the plaintiff's rights under the law and was not entitled to collect a debt from the plaintiff. (Compl. at 5). To comply with Ms. Gengler's request would be an affront to the judgments of the state courts that have already ruled against the plaintiff in this case, violating the *Rooker-Feldman* doctrine. The court is obliged to dismiss this case for want of jurisdiction.

Accordingly,

**IT IS ORDERED** that the above-entitled action be and the same is hereby **DISMISSED** for want of jurisdiction;

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED** as moot.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge